PARSONS a. SUYDAM.

New-York Common Pleas ; Special Term, January, 1857.

APPEAL.—SECURITY.—STAY OF PROCEEDINGS.

On appeal from a judgment on report of a referee, security is only necessary when the appellant desires to stay proceedings.

Motion to dismiss an appeal.

INGRAHAM, F. J.—The defendant has appealed to the general term of this court, from a judgment entered upon the decision of a referee. The plaintiff moves to set aside the appeal because no security has been filed.

By the Code (§ 348) as it existed before 1851, such security was required, but in that year the section was amended, by striking out that portion of it which required security to be given in the same manner as upon an appeal in the Court of Appeals, and substituting the words,—" such appeal does not stay proceedings unless security be given, as upon an appeal to the Court of Appeals."

The mere statement of this alteration is, I think, sufficient to show what the Legislature intended ;—viz., to abolish that portion of the statute which made the giving security necessary to the appeal, and only to confine it to a stay of proceedings.

No such stay is asked for here, and I see no authority to deprive the defendant of a right which the statute gives him. The court has no discretion to exercise on this subject, and whether there be hardship or not is immaterial, so long as the statute allows it.

Motion denied, defendant's costs to abide event.

---

## BARSALOU'S CASE.

*Surrogate's Court, New-York County ; January,* 1857.

LIMITATION OF ACTIONS.—REJECTION OF CLAIM BY PERSONAL REPRESENTATIVES.

The provision of the Revised Statutes barring " any action" upon a claim against the estate of a deceased person, which is not sued within six months after its rejection by the executor or administrator, applies to and prohibits proceedings before the surrogate to collect the claim, as well as to actions in courts of law, strictly so called.

The rejection of a claim by the executor or administrator, must be express and final, to entitle him to the protection of the statute.

Petition to the surrogate by a creditor of an intestate for payment of his claim.

BRADFORD, S.—Victor Barsalou, claiming to be a creditor